IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREW COX,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>    Defendant. | CASE NO. 4:20-cv-254<br><br>DISTRICT JUDGE<br>PAMELA A. BARKER<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

In February 2020, pro se Petitioner Andrew Cox filed a Petition for a Writ of Habeas Corpus under 28 USC § 2241. Doc. No. 1. The petition is before me under Local Rule 72.2. Cox is in United States custody at the Federal Correctional Institution in Elkton, Ohio, under a 2012 conviction in a New Jersey federal court. Doc. 1, p. 1. Cox alleges that prison staff arbitrarily stole 80 days of his good time credit following a disciplinary proceeding.[1] Doc. No. 1, pp. 2, 6-7, 10. Cox asks the Court to "order the [Federal Bureau of Prisons] to expunge my alleged disciplinary report and return my lost 80 days of Good Time Conduct." Doc. No. 1, p. 8.

The United States filed an Answer and Return of Writ. Doc. No. 4. The government submits that prison staff at Elkton "reviewed the incident and determined that the disciplinary action should be expunged and that 87 days

---

[1] "Good time credit" is credit an inmate can earn to reduce his or her sentence by "display[ing] exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b).

of good time credit should be restored to Petitioner." Doc. No. 4, p. 2. The government attached an affidavit of Robin Summers, a paralegal specialist at the Department of Justice, Federal Bureau of Prisons. Doc. No. 4-3, p. 1, ¶1. Summers states that the Bureau of Prisons expunged Cox's disciplinary action in May 2020 and restored 87 days of good time credit. Doc. No. 4-3, p. 2, ¶4. Cox did not file a response and the time to do so has passed.

Article III of the United States Constitution limits federal court jurisdiction to actual cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under this "case or controversy" requirement, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. Mc Cormack*, 395 U.S. 486, 496 (1969); *see also Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Brock*, 256 F. App'x at 750 (citing *Berger v. Cuyahoga County Bar Assoc.*, 983 F.2d 718, 724 (6th Cir. 1993)).

There are narrow exceptions to this general rule—petitioners can show that they will suffer collateral consequences or that the issues they raise are "capable of repetition, yet evading review." *Lane v. Williams*, 455 U.S. 624,

632-33 (1982). *Collateral consequences* are "some concrete and continuing injury" that can be remedied by granting the habeas petition. *Spencer*, 523 U.S. at 7-8. A case is *capable of repetition, yet evading review*, when a petitioner shows that "the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and … there is a reasonable expectation or a demonstrated probability that the controversy will recur." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (citing *Honig v. Doe*, 484 U.S. 305, 318–19 n. 6 (1988)).

Here, Cox does not dispute that the Bureau of Prisons expunged his disciplinary record and restored his good time credit. Cox thus has not shown that his past injury can be redressed by this Court. Cox doesn't show how he would suffer *collateral consequences*. He doesn't show that it is probable that the controversy will recur. Indeed, it has been over two years since the government expunged Cox's disciplinary record and restored his good time credits and he has not alleged a further incident. Cox's case is thus moot, and the Court lacks subject matter jurisdiction over it. *Spencer*, 523 U.S. at 7.

I recommend that the Court dismiss Cox's petition as moot and dismiss his case.

Dated: September 27, 2022

                                         */s/ James E. Grimes Jr.*
                                         James E. Grimes Jr.
                                         U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).